UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROGER CORTEZ, and )
TRINA CORTEZ )
)
individually and on behalf of all )
others similarly situated, ) CAUSE: 05-CA-00932-SS
)
Plaintiffs, )
)
v. )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY )
)
Defendant. )

## AFFIDAVIT OF LANCE S. COREN

State of California
County of Fresno

1. I am Mr. Lance S. Coren. I am competent to testify and the facts contained within this affidavit are true and correct and within my personal knowledge. The opinions contained within this affidavit are based upon my education and experience and are within a reasonable degree of certainty.

2. I am a multiple certified International Automotive Appraiser. I hold an Expert Master Appraiser Type Designation from the International Automotive Appraisers Association (IAAA). I also hold a Master Expert Designation from the International Organization of Experts to the

United Nations. Both of these are in auto appraisals. I am one of only six people in the world to attain these designations.

3.  I am a member of the Insurance Institute for Highway Safety, the Society for Automotive Engineers, California Fraud Investigators Association, National Institute for Automotive Service Excellence, Inter-Industry Conference on Auto Collision Repair and the International Organisation of Experts to the United Nations.

4.  I am a current or past advisor to the American Automobile Association, the American Society of Insurance Professionals, Kelley Blue Book Value Guide, National Automobile Dealers Association (NADA), Specialty Vehicle Value guide, Black Book Collectible Vehicle Value Guide, among others.

5.  I have actively been involved in evaluating and appraising vehicles for various clients for over twenty-five years. Some of these current or past clients include State Farm Insurance, AAA Insurance, Farmers Insurance, Progressive Insurance, The United States Internal Revenue Service and The United States Customs Department.

6.  I have read the complaint filed herein. I have also read the letter from the Texas Attorney General to Mr. and Mrs. Cortez, the settlement agreement attached to the complaint and the letter to Mr. and Mrs. Cortez from the Texas Department of Transportation telling them that there title to their vehicle had been revoked and that a salvage title would have to be obtained for the vehicle.

7.  It is my experience based upon my years of appraising the values of used automobiles that there is a decrease in value to a vehicle that can be attributed to the difference between a clean title and a salvage title. All used vehicles have a value that is standardized as expressed in the common used vehicle car value guides such the NADA and the Kelly Blue Book. These

values take into account the market for these vehicles, the age, the mileage and the general condition. They establish a relatively small range of differences in value based upon the perceived differences in the vehicles such that a value for the vehicles can be established without regard to the individual differences. These standardized values are used by the entire spectrum of the used car automotive industry such as dealers and insurance companies. In fact with regard to insurance companies, they routinely and consistently move away from individualized evaluations of vehicles when they determine claims and rely upon these standardized values without ever inspecting the vehicle.

8.   More importantly, the issuance of a salvage title for a vehicle trumps any difference in individualized vehicles which would be reflected in their value. The vehicle with a salvage title has a difference in its value based upon the nature of its title that would override any differences from its condition that would be reflected in an individualized inspection. It does not matter what the nature of the accident was or the extent of the repairs that were made or really what the cause was which required the issuance of a salvage title that affects the value. It is the nature of the branded title itself. This is because of the greatly decreased market for these vehicles and the unknown damage history of them. Dealers will not normally knowingly purchase a salvaged vehicle, lenders will not normally finance salvaged vehicles and private parties will rarely knowingly purchase salvaged vehicles. Any knowing purchase of these vehicles is based upon a great decrease in their standardized values as reflected in Kelly Blue Book or NADA.

9.   Industry standards followed by and noted in print by the NADA appraisal guides, the Kelley Blue Book Market Report Official Guide, the International Society of Automotive Appraisers all devalue a motor vehicle that is in possession of a branded salvage title. The

percentage variance increases with the younger age of the vehicle at issue and the retail value of the vehicle.

10. Vehicles such as those involved in this class action that should have had their titles declared "salvage" by State Farm and which now have had their titles revoked and declared "salvage" by the Texas Department of Transportation, have a decrease in value of 40%-50%, depending on the year, make and model and normal retail fair market value. This decrease is not based upon the individual vehicle, but upon the status of the branded title.

11. The measure of damages suffered by the members of this class is standardized and can be determined on a class wide basis. These damages are a decrease in the market value of theses vehicles attributed to the nature of their branded title and no other differences measured from their standardized retail value at the time they were purchased. This difference in value is between 40% and 50% of their normal retail value. For example if a class member purchased a vehicle with a NADA or Kelly Blue Book retail value of $10,000 while it had a "clean" title, that same vehicle on that date would have a value of between $6,000 and $5,000 with the "salvage" title. This is without regard to an individualized inspection of the vehicle or the nature of its previous damages or the nature of its repairs. Conversely, that same vehicle today even after its use and the passage of time by the current owner would have its decrease in value reflected in the resale value when the current owner attempts to sell it. The current NADA or Kelly Blue Book value of the vehicle today would be decreased by this same percentage.

12. The settlement agreement reached between the attorney generals and State Farm reflect this standardized approach to the decrease in value caused by a salvage title. They began with the NADA values for the vehicles on the date of the settlement and then decreased these values by a percentage based upon the value of the vehicles. The percentage was not reflective of the true

nature of the branded title. This decrease in values will now be borne by these class members who have had their clean titles revoked and who have now been issued "salvage" titles by the Texas Department of Transportation.

Signed this the 17th day of November 2006.

*[Signature]*
Mr. Lance S. Coren

Subscribed and sworn to before me a licensed Notary Public this the 17th day of November, 2006 by Mr. Lance Coren.

_____
NOTARY PUBLIC

✱ See Attached

CALIFORNIA JURAT

State of California

County of Fresno

Subscribed and sworn to (or affirmed) before me on this 17th day of November, 2006

by Lance Scott Coren, ~~personally known to me or~~ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Seal

RONALD T. HOLT
Comm. # 1480360
NOTARY PUBLIC-CALIFORNIA
County of Fresno
My Comm. Expires Feb. 11, 2007

_Ronald T. Holt_
Signature of Notary Public

**OPTIONAL INFORMATION**

Description of Attached Document

Document type: Affidavit of Lance S Coren

Date of document: 11-17-2006   Number of pages: 5

Signer(s) other than above: _____